JEFFREY E. FAUCETTE (No. 193066)
Email: jfaucette@howardrice.com
SIMONA ALESSANDRA AGNOLUCCI (No. 246943)
Email: sagnolucci@howardrice.com
HOWARD RICE NEMEROVSKI
    CANADY FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
Telephone: 415/434-1600
Facsimile:  415/217-5910

KEVIN L. BURGESS (*Pro Hac Vice*)
Email: kburgess@mckoolsmith.com
MCKOOL SMITH P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: 512/692-8700
Facsimile: 512/692-8744

Attorneys for Defendant
WI-LAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARVELL SEMICONDUCTOR INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WI-LAN, INC., a Canadian Corporation,<br><br>Defendant. | No. C 07-05626 SI<br><br>**WI-LAN, INC.'S MOTION TO DISMISS MARVELL SEMICONDUCTOR, INC.'S SUIT FOR DECLARATORY RELIEF**<br><br>Hearing Date: May 23, 2008<br>Location:    Courtroom 10, 19th Floor<br>Time:         9:00 a.m.<br><br>Honorable Judge Illston |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on May 23, 2008 at 9:00 a.m. in Courtroom 10, 19th Floor of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Wi-LAN, Inc. will move this Court for an order dismissing Plaintiff Marvel Semiconductor Inc.'s suit for declaratory relief against Wi-LAN.

Wi-LAN, Inc. brings this Motion on the ground that this Court no longer retains jurisdiction over Marvell Semiconductor Inc.'s suit for declaratory relief given Wi-LAN, Inc.'s covenant not to sue Marvell regarding the products identified in the Complaint as the basis for the suit. Wi-LAN's Motion will be based upon this Notice, the attached Memorandum of Points and Authorities, accompanying Declaration of Kevin L. Burgess and exhibits attached thereto, oral argument, and such other and further evidence as the Court might deem proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Wi-LAN, Inc. ("Wi-LAN") submits this Memorandum of Points and Authorities in support of its Motion to Dismiss Marvell Semiconductor Inc.'s ("Marvell") Suit for Declaratory Relief.

### II. FACTS

On October 31, 2007, Wi-LAN filed two patent infringement suits in Texas against Marvell and its customers for infringing U.S. Patent No. RE37,802 ("the '802 patent") and other patents based on certain chip sets identified in the complaints filed in those suits (collectively, "the Texas Actions"). Declaration of Kevin L. Burgess in Support of Wi-LAN, Inc.'s Motion to Dismiss Marvell Semiconductor, Inc.'s Suit for Declaratory Relief ("Burgess Decl.") Ex. B at 11-12; Ex. C at 12–13. Marvell counterclaimed in the Texas Actions seeking declaratory relief, including a declaration that the '802 patent is not infringed, and also a declaration that the '802 patent is invalid and unenforceable. *Id.* Ex. D at 8–9; Ex. E at 8–9.

In response to Wi-LAN's Texas Actions, on November 5, 2007, Marvell filed the present suit also seeking declaratory relief, including a declaration of non-infringement of the '802

1  patent (the "California Action") but for a chip set family not identified in the complaints in Wi-
2  LAN's Texas Actions, and also a declaration that the '802 patent is invalid and unenforceable.
3  Marvell alleges in its Complaint that subject matter jurisdiction is based on preliminary email
4  and letter exchanges in December 2006 in which Wi-LAN asserted that Marvell's PXA90x chip
5  set family (referred to as PXA90x) is covered by its '802 patent and related U.S. patents
6  6,192,068 and 6,320,897.  Marvell's Complaint ¶¶11–18.  Because Wi-LAN had concluded after
7  its exchanges with Marvell that the PXA90x chip set family was not implicated by its patents, it
8  sought to resolve this matter.  Given the parties' ongoing settlement discussions, the Court
9  granted several extensions for Wi-LAN to file a response to the Complaint, extending Wi-LAN's
10 time to respond to on or before April 3, 2008.  Doc. No. 32.  While settlement discussions looked
11 promising, they eventually proved unsuccessful, and so on March 28, 2008 Wi-LAN granted
12 Marvell a covenant not to sue regarding the PXA90x chip set family that is the basis for the
13 Complaint.  Burgess Decl. ¶2 & Ex. A.  Because Wi-LAN's covenant eliminates any subject
14 matter jurisdiction that might have existed over Marvell's suit, Wi-LAN files this Motion.

**III.   ARGUMENT**

    **A.   Legal Standard**

        **1.   There Must Be A Substantial Controversy Of Sufficient Immediacy And Reality For A Federal Court To Exercise Jurisdiction**

The Declaratory Judgment Act requires that there be "'an "actual controversy" between the parties before a federal court may exercise jurisdiction.'" *Pac. Bell Internet Servs. v. Recording Indus. Ass'n of Am., Inc.*, No. C 03-3560, 2003 U.S. Dist. LEXIS 21659, at *13 (N.D. Cal. Nov. 21, 2003) (Illston, J.) (quoting *Centocor, Inc. v. MedImmune, Inc.*, No. C 02-03252 CRB, 2002 U.S. Dist. LEXIS 21109, at *3 (N.D. Cal. Oct. 22, 2002) (quoting 28 U.S.C. § 2201)).  A party that has based subject matter jurisdiction on the Declaratory Judgment Act must prove that "'the facts alleged, under all circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Genentech, Inc.*

127 S. Ct. 764, 771 (2007) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

### 2. A Patentee's Covenant Not To Sue A Declaratory Plaintiff Is A Circumstance That Will Divest A Court Of Jurisdiction

Facts can arise after a declaratory judgment plaintiff files suit, however, to divest a court of subject matter jurisdiction. One such circumstance was recognized in *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) and its progeny. This Court has expressly adopted the holding in *Super Sack. Crossbow Tech., Inc. v. YH Tech.*, No. C 03-04360 SI, 2007 U.S. Dist. LEXIS 8028, at *6 (N.D. Cal. Jan. 22, 2007) ("*Crossbow Tech. I*") (Illston, J.); *Crossbow Tech., Inc. v. YH Tech.*, No. C 03-4360, 2007 U.S. Dist. LEXIS 65646, at *18 (N.D. Cal. Aug. 21, 2007) ("*Crossbow Tech. II*") (Illston, J.). Under these authorities, a court is divested of subject matter jurisdiction when a patent owner grants a covenant not to sue to a declaratory plaintiff. *See, e.g.*, *Crossbow Tech. I*, 2007 U.S. Dist. LEXIS 8028, at *6 ("'[I]t is well-established that a trial court may be divested or deprived of subject matter jurisdiction over a particular patent claim if the patentee covenants not to assert an infringement claim . . . .'" (quoting *Eli Lilly & Co. v. Zenith Goldline Pharms.*, 101 F. Supp. 2d 1139, 1142 (S.D. Ind. 2000))).

In *Super Sack*, the Federal Circuit upheld the district court's dismissal of Chase Packaging's counterclaims for declaratory relief on the basis that the patent owner's covenant "not to sue Chase for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold[,]" which formed the basis for the suit, was sufficient to divest the court of jurisdiction. *Super Sack*, 57 F.3d at 1057.

The Federal Circuit applied its *Super Sack* holding six years later in *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852 (Fed. Cir. 1999). In *Amana*, the patent owner, Quadlex, sent a letter to Amana stating that it intended to enforce its patents against Amana for the manufacture and sale of certain oven products, prompting Amana to file suit for declaratory relief. *Id.* at 854–55. In response, the patent owner filed a declaration that it covenanted not to

1  "assert any claim of patent infringement against [Amana] under [the patent] as it presently reads,
2  with respect to any [such] product[s.]" *Id.* The district court thereafter dismissed the suit for
3  declaratory relief, finding it moot in light of the covenant not to sue. *Id.* (quoting *Super Sack*, 57
4  F.3d at 1060).

5       In *Crossbow Tech. I*, the patent owner, Crossbow, filed suit for patent infringement, in
6  response to which the defendants YH Technology, Yi Yang, and Yunchun Yang (the "Yang
7  defendants") "filed counterclaims asserting non-infringement and invalidity of the patent."
8  *Crossbow Tech. I*, 2007 U.S. Dist. LEXIS 8028, at *2. Unsuccessful in demonstrating that two
9  of the Yang defendants, YH Technology and Yi Yang, were sufficiently involved in the
10 manufacture and sale of the accused products in the United States, or involved in importing the
11 accused products into the United States, Crossbow provided a covenant not to sue to these two
12 defendants. *Id.* at *8. This Court found that "[a] covenant not to sue for past or present acts . . .
13 suffices to strip the court of jurisdiction" and agreed with the patent owner Crossbow "that
14 because it ha[d] covenanted not to sue [defendants YT Technology and Yi Yang] . . . they no
15 longer have any reasonable apprehension of suit, and the Court is hereby divested of subject
16 matter jurisdiction to hear their counterclaims for declaratory judgment." *Id.* at **6–8.

17      In *Crossbow Tech. II*, this Court had occasion again to apply the *Super Sack* line of
18 authority to the declaratory judgment counterclaims of the sole remaining Yang defendant,
19 Yunchun Yang. *Crossbow Tech. II*, 2007 U.S. Dist. LEXIS 65646, at **3–4. In light of a
20 decision by the Supreme Court that undermined Crossbow's remaining claim of infringement
21 against Yunchun Yang, Crossbow delivered a covenant not to sue to the defendant. *Id.* at *4.
22 This Court thereafter dismissed the case finding that no case or controversy existed. *Id.* at *18.

23      **3.**    **Wi-LAN's Covenant Not To Sue Marvell Divests This Court Of Jurisdiction**

24      Similarly, Wi-LAN has granted and delivered a covenant not to sue to Marvell. Burgess
25 Decl. ¶2 & Ex. A. Because Wi-LAN's covenant not to sue eliminates any substantial
26 controversy of sufficient immediacy and reality, Marvell's suit for declaratory relief should also

1  be dismissed. *See*, *e.g.*, *Nucleonics*, 495 F.3d at 1349; *Amana Refrigeration*, 172 F.3d at 855
2  (quoting *Super Sack*, 57 F.3d at 1060); *Super Sack*, 57 F.3d at 1059–60; *Crossbow Tech. II*, 2007
3  U.S. Dist. LEXIS 65646, at *18; *Crossbow Tech. I*, 2007 U.S. Dist. LEXIS 8028, at *6.

4        The Federal Circuit's holding in *Amana* is directly on point. In *Amana*, the patent owner,
5  Quadlex, like Wi-LAN, sent a letter to Amana stating that it intended to enforce its patents
6  against Amana's oven products. *See Amana*, 172 F.3d at 854. Amana, like Marvell, then filed
7  suit for declaratory relief. *See id.* at 855. In response, Quadlex, like Wi-LAN, tendered a
8  covenant not to sue. *See id.* The result should be the same here—dismissal of the suit. Wi-
9  LAN's "covenant not to sue [Marvell] for any infringing acts involving products 'made, sold, or
10 used' on or before the filing date is sufficient to divest [this Court] of jurisdiction over a
11 declaratory judgment action" because the covenant removes the requisite substantial controversy
12 of sufficient immediacy and reality. *See id.* (quoting *Super Sack*, 57 F.3d at 1060).

13       Indeed, Wi-LAN's covenant not to sue Marvell, attached to this Motion as Exhibit A,
14 mirrors the covenant at issue before this Court in *Crossbow Tech. II*:

15     Crossbow Technology, Inc. hereby unconditionally agrees not to sue
16     defendant Yunchun Yang for infringement as to any claim of U.S. Patent No.
17     6,421,622 based upon Yunchun Yang's manufacture, development, design,
18     marketing, licensing, distributing, offering for sale, or selling the Crossbow
19     Technology IMU-400, KVH Industries RA2030, KVH Industries RD2030,
20     YH 5000/5100 IMU, YH-7000 IMU, and YH-8000 as they exist today or have
21     existed in the past.

22 *Crossbow Tech. II*, 2007 U.S. Dist. LEXIS 65646, at *11. Likewise, Wi-LAN's covenant not to
23 sue contains the following language:

24     [T]o resolve Civil Action 3:07-05262 SI, Wi-LAN, Inc. hereby
25     unconditionally agrees not to sue Marvell Semiconductor, Inc. and its
26     customers for patent infringement of any claim of United States Patent Nos.

27
28

6,192,068, 6,320,897, and RE37,802, based upon Marvell's PXA90 family of chipsets as it exists today or has existed in the past.

(Burgess Decl. Ex. A).

Accordingly, in light of Wi-LAN's covenant not to sue, Marvell's suit for declaratory relief should be dismissed.

## IV. CONCLUSION

Thus, Wi-LAN respectfully requests that the Court grant its Motion.

Dated: April 3, 2008

JEFFREY E. FAUCETTE
SIMONA ALLESANDRA AGNOLUCCI
HOWARD RICE NEMEROVSKI CANADY
　　FALK & RABKIN
A Professional Corporation

KEVIN L. BURGESS
MCKOOL SMITH P.C.


By:   /s/  Jeffrey E. Faucette
　　　　Jeffrey E. Faucette

Attorneys for Defendant Wi-LAN, Inc.

1  JEFFREY E. FAUCETTE (No. 193066)
   Email: jfaucette@howardrice.com
2  SIMONA ALESSANDRA AGNOLUCCI
   (No. 246943)
3  Email: sagnolucci@howardrice.com
   HOWARD RICE NEMEROVSKI
4       CANADY FALK & RABKIN
   A Professional Corporation
5  Three Embarcadero Center, 7th Floor
   San Francisco, California 94111
6  Telephone: 415/434-1600
   Facsimile:  415/217-5910
7
   KEVIN L. BURGESS (*Pro Hac Vice*)
8  Email: kburgess@mckoolsmith.com
   MCKOOL SMITH P.C.
9  300 W. 6th Street, Suite 1700
   Austin, Texas 78701
10 Telephone: 512/692-8700
   Facsimile: 512/692-8744
11
   Attorneys for Defendant
12 WI-LAN, INC.

13                UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16 MARVELL SEMICONDUCTOR INC., a       No. C 07-05626 SI
   California corporation,
17                                     **[PROPOSED] ORDER**
            Plaintiff,
18
        v.
19
   WI-LAN, INC., a Canadian Corporation,
20
            Defendant.
21

[PROPOSED] ORDER                                           CASE NO. C-07-05626 SI

**[PROPOSED] ORDER**

Plaintiff Wi-LAN, Inc.'s Motion to Dismiss Marvell Semiconductor, Inc.'s Suit for Declaratory Relief has come before this Court. Having considered the briefs filed by all parties, the supporting declarations, exhibits, and other arguments that came before this Court, the Court for good cause hereby orders that Marvell Semiconductor, Inc.'s Suit for Declaratory Relief is hereby dismissed without prejudice.

IT IS SO ORDERED.

Dated: _____, 2008

_____
The Honorable Susan Illston
United States District Judge