JEFFREY E. FAUCETTE (No. 193066)
Email: jfaucette@howardrice.com
SIMONA ALESSANDRA AGNOLUCCI (No. 246943)
Email: sagnolucci@howardrice.com
HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
Telephone: 415/434-1600
Facsimile: 415/217-5910

KEVIN B. BURGESS (*Pro Hac Vice*)
Email: kburgess@mckoolsmith.com
MCKOOL SMITH P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: 512/692-8700
Facsimile: 512/692-8744

Attorneys for Defendant
WI-LAN, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARVELL SEMICONDUCTOR INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WI-LAN, INC., a Canadian Corporation,<br><br>Defendant. | No. C 07-05626 SI<br><br>**WI-LAN, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS MARVELL SEMICONDUCTOR, INC.'S SUIT FOR DECLARATORY RELIEF**<br><br>Hearing Date: June 20, 2008<br>Location: Courtroom 10, 19th Floor<br>Time: 9:00 a.m.<br>Judge: Honorable Judge Illston |

## I. INTRODUCTION

Marvell argues that the Court should maintain declaratory judgment jurisdiction over the present action, notwithstanding Wi-LAN's covenant not to sue Marvell or its customers for patent infringement of the Wi-LAN patents[1] "based on Marvell's PXA90x family of chipsets as it exists today or has existed in the past." Opposition at 1, 5. In particular, Marvell complains that "Wi-LAN has not given an equally broad covenant not to sue on Marvell Release 5 products which are either in, or about to enter, the market, such as the Tavor family of chipsets." *Id.* at 5. Marvell is wrong—the Tavor chipsets are not a sufficient basis for the Court to maintain declaratory judgment jurisdiction over Marvell's claims. But to remove all doubt, Wi-LAN has provided Marvell with an "equally broad covenant not to sue on Marvell Release 5 products which are either in, or about to enter, the market, such as the Tavor family of chipsets." *Id., see* Exh. A.

## II. TAVOR DOES NOT PROVIDE SUBJECT MATTER JURISDICTION OVER MARVELL'S DECLARATORY JUDGMENT CLAIMS

Marvell argues in its Opposition that under *MedImmune* and *Cat Tech*, the Tavor family of chipsets is sufficiently "substantial, definite, and concrete" to warrant the Court's exercise of declaratory judgment jurisdiction. Opposition at 7-10. In support of that argument, Marvell relies upon the declaration of Shyam Krishnamurthy, ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Krishnamurthy Decl. ¶¶8-11. Marvell's reliance is misplaced, however, because Mr. Krishnamurthy's declaration relates to the present state of Marvell's Tavor chipset but says nothing of the state of Tavor's development as of *November 5, 2007,* when Marvell filed the instant action. That shortcoming is critical, because Marvell must establish that subject-matter jurisdiction existed *at the time of filing* and continues to exist throughout the pendency of the case. *Benitec Austl., Ltd. v. Nucleonics, Inc.,* 495 F.3d 1340, 1344 (Fed. Cir. 2007) *cert. denied, Nucleonics, Inc. v. Benitec Austl., Ltd.,* No. 07-1068, 2008 WL 1775071 (U.S. Apr. 21,

---

[1] "Wi-LAN patents" refers to the patents listed in Marvell's Complaint, i.e., U.S. Patents No. RE37,802; 6,192,068; and 6,320,897. Complaint ¶5.

2008). Notably, *Cat Tech* recites cases in which disputes were found to lack the requisite "immediacy" in similar situations, such as where an "accused infringing ship hull would not be ready for at least nine months after the complaint was filed" and "the declaratory plaintiff had presented no evidence that it had built a prototype of its 'Billings 150 kW power supply' until at least a year after the commencement of suit." *Cat Tech, LLC v. Tubemaster, Inc.*, No. 2007-1443, slip op. at 14 (Fed. Cir. May 28, 2008) (citing *Sierra Applied Scis., Inc. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361, 1378-81 (Fed. Cir. 2004) and *Lang v. Pac. Marine and Supply Co.*, 895 F.2d 761, 764 (Fed. Cir. 1990), respectively).

Notwithstanding its shortcomings, Marvell's Tavor argument is directed to the "immediacy" and "reality" aspects of the fundamental jurisdictional inquiry, i.e., "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Cat Tech,* slip op. at 10 (citing *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007)). What Marvell's argument does not address is the underlying requirement that there actually be a *controversy*. As the facts set out in Marvell's Opposition make clear, there is none.

As an initial matter, there is no controversy because Wi-LAN has never accused—directly or indirectly—the Tavor chipsets. As Marvell notes in its Opposition, in December 2006, Wi-LAN sent two letters to Marvell regarding Marvell's PXA90x chipset. Opposition at 2. But Wi-LAN has never suggested to Marvell that its Tavor chipset—or any Marvell cellular chipset other than the PXA90x—may infringe the Wi-LAN patents.

Furthermore, Marvell's Opposition is clear that the Tavor chipset is substantially different from the PXA90x chipset that was the subject of Wi-LAN's December 2006 letters. According to Marvell, the PXA90x and Tavor chipsets are intended to implement different standards—UMTS Release 99 and UMTS Release 5, respectively—that demand substantially different processing capabilities. Krishnamurthy Decl. ¶¶4-5, 7-8. For example, the Release 99 PXA90x chipset supports downlink speeds of only 364 kpbs (i.e., kilobits per second, where a kilobit is 1000 bits), but the Tavor chipset supports much higher

1  downlink speeds, as specified in Release 5. *Id.* ¶¶4-8.

2

3

4

5

6  Because Wi-LAN has never directly or indirectly accused the Tavor chipset of infringing the Wi-LAN patents, and due to the substantial differences between the Tavor chipset and the PXA90x chipset, there is no substantial controversy here. Neither *MedImmune* nor its progeny suggest that isolated communications specifically directed to one product are sufficient to give rise to a "substantial controversy" over substantially changed future products.

## III. WI-LAN HAS COVENANTED NOT TO SUE ON TAVOR

To remove all doubt that there is no remaining controversy, Wi-LAN has provided Marvell with a covenant not to sue Marvell or its customers for infringement of the Wi-LAN patents based on the Tavor chipset:

> By way of this letter, to resolve Civil Action 3:07-05262 SI, Wi-LAN, Inc. hereby unconditionally agrees not to sue Marvell Semiconductor, Inc. and its customers for patent infringement of any claim of United States Patent Nos. 6,192,068, 6,320,897, and RE37,802, based upon Marvell's Tavor UMTS Release 5 HSDPA chipsets, as those chipsets exist today or have existed in the past. Exh. A.

This covenant directly parallels the covenant that Wi-LAN has already provided Marvell on its PXA90x chipsets. Thus, Marvell's complaint that "Wi-LAN has not given an equally broad covenant not to sue Marvell Release 5 products which are either in, or about to enter, the market, such as the Tavor family of chipsets" is now answered and there can be no remaining controversy. Opposition at 5.

## IV. CONCLUSION

There is no substantial controversy between Wi-LAN and Marvell and thus no subject matter jurisdiction over Marvell's declaratory judgment action. Wi-LAN therefore respectfully requests that the Court grant its Motion.

DATED: June 6, 2008

          JEFFREY E. FAUCETTE
          SIMONA ALESSANDRA AGNOLUCCI
          HOWARD RICE NEMEROVSKI CANADY
          FALK & RABKIN
          A Professional Corporation

By:       /s/
     SIMONA ALESSANDRA AGNOLUCCI

Attorneys for Defendant Wi-LAN, Inc.