1  Linda J. Thayer (SBN 195,115)
   FINNEGAN, HENDERSON, FARABOW,
2     GARRETT & DUNNER, L.L.P
   3300 Hillview Avenue
3  Palo Alto, California 94304
   Telephone: (650) 849-6600
4  Facsimile:  (650) 849-6666
   linda.thayer@finnegan.com

5  Roger D. Taylor (*Admitted Pro Hac Vice*)
   FINNEGAN, HENDERSON, FARABOW,
6     GARRETT & DUNNER, L.L.P
   303 Peachtree Street, N.E.
7  Atlanta, GA  30308-3263
   Telephone: (404) 653-6400
8  Facsimile:  (404) 653-6444
   roger.taylor@finnegan.com

9
   Attorneys for Plaintiff
10 MARVELL SEMICONDUCTOR, INC.

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                         SAN FRANCISCO DIVISION

| | |
|---|---|
| MARVELL SEMICONDUCTOR, INC., | CASE NO. C07-05626 SI |
| Plaintiff, | |
| v. | **MARVELL SEMICONDUCTOR, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY,** |
| WI-LAN, INC., | |
| Defendant. | **SUPPORTING DECLARATION OF LINDA J. THAYER,** |
| | **[PROPOSED] ORDER** |

Pursuant to Civil Local Rule 7-11, Marvell Semiconductor, Inc. ("Marvell") respectfully requests leave of Court to file a surreply in response to Wi-LAN, Inc.'s Reply in Support of Its Motion to Dismiss Marvell Semiconductor, Inc.'s Suit for Declaratory Relief.  The surreply that Marvell requests leave to file is submitted herewith as Exhibit A.

There is good cause for filing the proposed surreply.  Wi-LAN's Reply was served on June 6, 2008.  On that same day, Wi-LAN sent Marvell a new covenant not to sue ("the June 6th Covenant") and filed the June 6th Covenant as Exhibit A to the Reply.  In its Reply, Wi-LAN's makes arguments

in support of its Motion to Dismiss with reference to the June 6th Covenant. The June 6th Covenant is new information that Marvell did not have on May 30, 2008, when it filed its Opposition.

Marvell requests leave to file a surreply to address facts and misleading arguments relating to the new June 6th Covenant not to sue.[1] For example, Wi-LAN argues that, with the June 6th Covenant, there is no remaining controversy between the parties. This is not true, and Marvell seeks leave to file a surreply to respond to this argument.

Marvell's attorneys provided Wi-LAN's attorneys with a copy of the proposed surreply (Exhibit A) and asked that Wi-LAN stipulate to its filing, but Wi-LAN refused to stipulate.

Marvell respectfully requests that, if this Motion is granted by the Court, the Court direct the Clerk to enter into the record the surreply in Exhibit A.

## SUPPORTING DECLARATION OF LINDA J. THAYER

I, LINDA J. THAYER, declare as follows:

1. I am an attorney licensed to practice before this Court and all courts of the State of California, and am a member of Finnegan, Henderson, Farabow, Garrett & Dunner L.L.P., counsel for Marvell in the above-entitled action.

2. The matters stated herein are based upon my personal knowledge, and if called as a witness, would testify as to the following statements.

3. Exhibit A is a copy of the surreply that Marvell requests leave to file.

4. On June 6, 2008, shortly after receiving Wi-LAN's Reply and new covenant, I contacted Wi-LAN's counsel and requested that Wi-LAN stipulate to Marvell's filing of a surreply.

5. On June 9, 2008, Wi-LAN's counsel responded that they needed to review a copy of the surreply that Marvell intended to file before Wi-LAN would stipulate.

6. Early today, I emailed Wi-LAN's attorneys a copy of the surreply, filed herewith as Exhibit A, and requested that Wi-LAN stipulate to its filing.

---

[1] By addressing only this issue in the surreply, Marvell does not suggest that the Reply contains no other matters requiring response. Marvell believes it can address those issues at the hearing.

7. This afternoon, I received an email from John B. Campbell of McKool Smith, P.C. stating that Wi-LAN would not stipulate to Marvell's filing of a surreply.

8. The representations made above in this Administrative Motion and declaration are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and this declaration was executed this 13th day of June, 2008, at Palo Alto, California.

_____/s/_____
Linda J. Thayer

**[PROPOSED] ORDER**

Upon good cause shown, **IT IS HEREBY ORDERED** that the Surreply attached as Exhibit A be filed in this case by the Clerk.

**IT IS SO ORDERED.**

Dated: _____, 2008            _____
                                                            Susan Illston
                                                            United States District Judge

3                                      ADMIN. MOT. TO FILE SURREPLY
                                                  Case No. C07-05626 SI

# Exhibit A

1  Linda J. Thayer (SBN 195,115)
   FINNEGAN, HENDERSON, FARABOW,
2     GARRETT & DUNNER, L.L.P
   3300 Hillview Avenue
3  Palo Alto, California 94304
   Telephone: (650) 849-6600
4  Facsimile:  (650) 849-6666
5  linda.thayer@finnegan.com

6  Roger D. Taylor (*Admitted Pro Hac Vice*)
   FINNEGAN, HENDERSON, FARABOW,
7     GARRETT & DUNNER, L.L.P
   303 Peachtree Street, N.E.
8  Atlanta, GA  30308-3263
   Telephone: (404) 653-6400
9  Facsimile:  (404) 653-6444
10 roger.taylor@finnegan.com

11 Attorneys for Plaintiff
12 MARVELL SEMICONDUCTOR, INC.

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                      SAN FRANCISCO DIVISION

| | |
|---|---|
| 16  MARVELL SEMICONDUCTOR, INC., | CASE NO. C07-05626 SI |
| 17           Plaintiff, | |
| 18       v. | **MARVELL SEMICONDUCTOR, INC.'S SUR-REPLY TO WI-LAN, INC.'S MOTION TO DISMISS MARVELL SEMICONDUCTOR, INC.'S SUIT FOR DECLARATORY RELIEF** |
| 19  WI-LAN, INC., | |
| 20           Defendant. | |
| 21 | Hearing Date: June 20, 2008 |
| 22 | Location:     Courtroom 10, 19th Fl.<br>Time:         9:00 a.m. |

23
24
25
26
27
28

MARVELL'S SUR-REPLY TO WI-LAN'S MOTION TO DISMISS
Case No. C07-05626 SI

1  I.     INTRODUCTION

2      Marvell filed this declaratory judgment action to obtain relief for itself—and those Marvell
3  partners making, using, importing, and selling, or about to make, use, import, or sell, its Release 5
4  CDMA chipsets, including "Tavor."  Wi-LAN's most recent covenant to Marvell—delivered on
5  June 6, 2008, with its Reply—is limited in scope in several key areas, such that Marvell remains
6  fearful of liability for developing, making, and selling these products.  First, Wi-LAN has refused to
7  include Marvell's subsidiaries, affiliates, distributors and suppliers in any covenant not to sue,
8  intentionally leaving those entities exposed to future lawsuits from Wi-LAN.  Second, Wi-LAN
9  limits its offer to past and existing products, ignoring Marvell's representations that it has
10 substantially developed products about to hit the market and leaving those products in a state of
11 limbo.  Wi-LAN's carefully worded covenant also excludes so-called "derivative" products, those
12 future products based on the existing products which may differ in small detail from existing
13 products.  Marvell does not want to, nor should it have to, halt its very active development and sales
14 efforts when it believes these products are also non-infringing.  However, until this Court finds the
15 patents-in-suit invalid or all of Marvell's products non-infringing, Marvell and its customers,
16 subsidiaries, affiliates, distributors, and suppliers, would have to live with that fear.  If forced to live
17 under a cloud while Wi-LAN waits to enforce its patents, Marvell products may be irreparably
18 disadvantaged in the competitive marketplace.  The very essence of the Declaratory Judgment Act is
19 that Marvell be allowed to get peace of mind now—either from Wi-LAN or this Court.  Since Wi-
20 LAN has to date refused to give Marvell full peace of mind, Marvell asks this Court to exercise its
21 discretion to do so.

22 II.    ARGUMENT

23    A.    **Wi-LAN's June 6th Covenant Not to Sue Falls Short of Full Peace of Mind for Marvell and Companies in the Product Chain**
24
25       1.    **Marvell's Subsidiaries, Affiliates, Distributors, and Suppliers Are Excluded**

26    Wi-LAN's covenant not to sue dated June 6, 2008 ("June 6th Covenant") is limited to
27 "Marvell Semiconductor, Inc. and its customers," explicitly carving out many entities that make, use,
28

import, or sell Marvell's Tavor family of chipsets. To date, Wi-LAN has refused leaving one to assume that Wi-LAN is reserving the right to sue up and down the supply chain at some future date—just like it is currently doing with the Texas Actions[1] involving another of Marvell's product lines. In the two Texas Actions, Wi-LAN filed suit against chip suppliers like Marvell, Broadcom and Intel, computer makers like Apple, Dell, Lenovo and Sony, and retailers like Best Buy and Circuit City. Jim Skippen, Wi-LAN's president and CEO, has publicly stated that suing multiple companies in the product chain is Wi-LAN's intentional plan to bring "maximum pressure" on the companies to settle.[2]

The Declaratory Judgment Act is designed to provide companies like Marvell an alternative to waiting for a patent owner like Wi-LAN to employ "scare-the-customer-and-run tactics that infect[ed] the competitive environment of the business community with uncertainty and insecurity." *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d. 1330, 1336 n.2 (Fed. Cir. 2007). Wi-LAN has already brandished its patents (including the RE37,802 patent ("the '802 patent") at issue here), both in pre-litigation communications and by filing the Texas Actions. Marvell filed this suit to gain some assurance for itself and its customers, subsidiaries, affiliates, distributors, and suppliers that they will be forever free from threat of suit with regard to the Marvell Release 5 CDMA products. To that end, a covenant not to sue that does not also protect others in the Marvell product supply chain only delays resolution of this existing controversy to a later date of Wi-LAN's choosing and is inconsistent with the purpose of the Declaratory Judgment Act.

---

[1] On October 31, 2007, Wi-LAN filed two complaints in the Eastern District of Texas, Marshall Division, (Civil Action Nos. 2:07-CV-00473 TJW and 2:07-CV-00474 TJW, collectively "the Texas Actions").

[2] *Wi-LAN, Inc. F4Q07 (Qtr End 10/31/07) Earnings Call Transcript*, http://seekingalpha.com/article/59761-wi-lan-inc-f4q07-qtr-end-10-31-07-earnings-call-transcript?source=financialcontent.

### 2.    Wi-LAN's Covenant Excludes Products Existing After June 6th

Wi-LAN's covenant not to sue also excludes products about to hit the market and leaves those products in a state of limbo. Wi-LAN's June 6th Covenant described the covered products as "Marvell's Tavor UMTS Release 5 HSDPA chipsets, as those chipsets exist today or have existed in the past." However, Marvell has chipsets with this core processor technology in various stages of development, from the PXA930 processor currently being sold in the recently-released Blackberry Bold handset,[3] to variations and improvements on this core processor technology under development by Marvell and its customers which have been simulated, validated, and taped out, but are not yet released. Still others have finalized designs based on the fixed Release 5 standard, but have not yet been taped out or implemented in a prototype; however, significant amounts of time and money have been spent developing these products. Under a strict literal reading of the June 6th Covenant, Wi-LAN could argue that any variation or improvement product released after June 6, 2008, is excluded from the covenant.

As Marvell has explained in its Opposition, with this language, Wi-LAN also conveniently left itself the argument that Marvell products that have been modified—even in slight, inconsequential ways unrelated to the core processor technology—after June 6, 2008, also fall outside the covenant and remain fair game. Marvell has such so-called "derivative" products already in the pipeline and would like the freedom to release others. Without an assurance from Wi-LAN that derivative products would not infringe (which Wi-LAN has not yet given even as to existing products) or adjudication by this Court of the questions of whether products with the core processor technology infringes and/or whether the Wi-LAN patents are invalid, Marvell is commercially harmed, as it is effectively prevented from further expanding the product line based on the Tavor

---

[3] In Marvell's Opposition and the supporting Declaration of Shyam Krishnamurthy, the fact that the Tavor PXA930M processor was to be released in the Blackberry Bold was redacted as confidential. *See* Opposition, p. 4; *Declaration of Shyam Krishnamurthy*, ¶ 9. This information is now currently available and therefore need not be redacted or kept confidential in future papers.

UMTS Release 5 HSDPA technology, even though it is confident that these derivative products also do not or would not infringe the patents-at-issue in this suit.

Wi-LAN fashioned its June 6th Covenant after the one in *Crossbow Tech, II*, on a mistaken belief that *Crossbow Tech. II* sets the standard for sufficiency of covenants not to sue. *See Crossbow Tech., Inc. v. YH Tech.,* 531 F. Supp. 2d 1117, 1122 (N.D. Ca. 2007) [hereinafter "*Crossbow Tech II*"]. However, sufficiency is determined by the specific facts of each situation, and the situation in *Crossbow Tech II* bears no factual resemblance to the current case. In *Crossbow Tech II*, the covenant not to sue was limited to the listed products "as they exist today or have existed in the past," in part because that is all the situation dictated. *Id.* Prior court decisions had so limited the scope of relief available to Crossbow, that it decided to dismiss—with prejudice—its infringement suit against the accused infringer.[4] Crossbow did not offer, and the accused infringer did not demand, that the convent include future products because they were not relevant to that case.[5] The court agreed that "the covenant in [that] case is exhaustive of all potentially infringing products that Crossbow may sue for" and granted Crossbow's motion, dismissing the case. *Crossbow Tech. II*, *Id.* While the court found that the covenant as worded in *Crossbow Tech II* was sufficient under the factual scenario of that case to remove subject matter jurisdiction, *Crossbow Tech II* does not stand for the proposition that the exact same wording in other situations, like the one here, would also be sufficient.

Wi-LAN also argues that its June 6th Covenant "directly parallels" the covenant that it gave Marvell on its PXA90x chipsets, products which it has already admitted do not infringe. Reply, p. 3.

---

[4] A few months before the decision in *Crossbow Tech II*, the *Crossbow* Court has dismissed other defendants in the case and, shortly thereafter, the Supreme Court issued its decision in *Microsoft Corp. v. AT&T Corp.,* 550 U.S. ---, 127 S. Ct. 1746 (2007), limiting liability for software developed in the United States and exported to a foreign country to be copied and incorporated into an infringing product. *Crossbow Tech II*, 531 F. Supp. 2d at 1119.

[5] It should be noted that the covenant not to sue in *Crossbow Tech II* also involved an individual accused infringer, having no subsidiaries, affiliates, distributors, and suppliers, and therefore there was no need to include them. Additionally, the only infringement at issue was the individual's past development of a purportedly infringing device for a prior company.

But whether the June 6th Covenant "parallels" any earlier covenant is not the question, and is irrelevant because Wi-LAN has agreed the PXA90x does not infringe. What matters is whether the covenant granted by Wi-LAN fully resolves the existing controversy between the parties under the law. For the reasons stated above, it does not.

### B.    This Court Should Exercise Its Discretion to Hear This Action Because Doing So Would Afford Marvell and Others Relief From Uncertainty Over Its Products

District courts are given the discretion, in declaratory judgment actions, whether to hear the actions, and Marvell respectfully submits that this Court should do so in this case. Even pre-*MedImmune*, the Federal Circuit counseled that "[w]hen there is an actual controversy and a declaratory judgment would settle the legal relations in dispute and afford relief from uncertainty or insecurity, in the usual circumstance the declaratory judgment is not subject to dismissal." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). Since the Supreme Court's decision in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), the Federal Circuit has urged district courts to employ an even more lenient standard, stating that "an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). In *Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330 (Fed. Cir. 2007), the Federal Circuit adopted the "all circumstances" test that the Supreme Court had suggested in *MedImmune* as the proper approach. Under that approach, all the circumstances must show (1) that the party instituting suit has standing and (2) that the issue presented is ripe. *MedImmune*, 549 U.S. at n.8 (a matter is ripe when there is "hardship to the parties [in] withholding court consideration" *citing Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).

### III.    CONCLUSION

The Declaratory Judgment Act provides companies like Marvell with the option of not sitting around waiting for Wi-LAN's patent litigation shoe to fall. Marvell wants to go forward in the

marketplace with products that it believes do not infringe. Wi-LAN will not allow Marvell to do so. Therefore, Marvell asks that this court deny Wi-LAN's motion to dismiss as a controversy ripe for judicial action exists between the parties. Denying Wi-LAN's motion will afford Marvell the opportunity to obtain some certainty over its product line that Marvell has not been able to get from Wi-LAN directly.

Respectfully submitted,

Dated:  June 13, 2008         By:        /s/
                                   Linda J. Thayer
                                   FINNEGAN, HENDERSON, FARABOW,
                                      GARRETT & DUNNER, L.L.P
                                   3300 Hillview Avenue
                                   Palo Alto, CA 94304
                                   Telephone: (650) 849-6600
                                   Attorneys for Plaintiff
                                    MARVELL SEMICONDUCTOR, INC.