1   JEFFREY E. FAUCETTE (No. 193066)
    Email: jfaucette@howardrice.com
2   SIMONA ALESSANDRA AGNOLUCCI (No. 246943)
    Email: sagnolucci@howardrice.com
3   HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
4   A Professional Corporation
    Three Embarcadero Center, 7th Floor
5   San Francisco, California  94111-4024
    Telephone:   415/434-1600
6   Facsimile:   415/217-5910

7   KEVIN B. BURGESS *(Pro Hac Vice)*
    Email: kburgess@mckoolsmith.com
8   McKOOL SMITH P.C.
    300 W. 6th Street, Suite 1700
9   Austin, Texas  78701
    Telephone:   512/692-8700
10  Facsimile:   512/692-8744

11  Attorneys for Defendant
    WI-LAN, INC.

12

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                  SAN FRANCISCO DIVISION

16

17  MARVELL SEMICONDUCTOR INC., a        No. C 07-05626 SI
    California corporation,
18                                        WI-LAN, INC.'S OPPOSITION TO
                    Plaintiff,            MARVELL SEMICONDUCTOR, INC.'S
19                                        ADMINISTRATIVE MOTION FOR
         v.                               LEAVE TO FILE SURREPLY
20
    WI-LAN, INC., a Canadian corporation, Hearing Date: June 20, 2008
21                                        Location:     Courtroom 10, 19th Floor
                    Defendant.            Time:         9:00 a.m.
22                                        Judge:        Honorable Judge Illston

23

24

25

26

27

28

OPPOSITION TO MOTION TO FILE SURREPLY                              C 07-05626 SI

1   Marvell Semiconductor, Inc. ("Marvell") argues that good cause exists for filing the
2   proposed surreply because "[t]he June 6th Covenant is new information . . . ." Marvell is
3   wrong—the June 6th Covenant is *not* new information. The June 6th Covenant is *verbatim*
4   the same covenant as the March 28th Covenant (exhibit A to the Motion to Dismiss) with the
5   sole exception that the June 6th Covenant applies to Marvell's new Tavor chipset family as
6   opposed to the PXA90x family of chipsets that Marvell was selling at the time it filed its
7   declaratory judgment complaint.

8   Marvell previously described the March 28th Covenant for the PXA90x family of
9   chipsets as a "broad covenant not to sue." Opposition at 5. Indeed, in its Opposition to the
10  Motion to Dismiss, Marvell complained that "Wi-LAN has not given an equally broad
11  covenant not to sue on Marvell Release 5 products which are either in, or about to enter, the
12  market, such as the Tavor family of chipsets." *Id.* at 5. Pursuant to Marvell's request,
13  Wi-LAN granted Marvell the same broad covenant not to sue on the new Tavor family of
14  chipsets.

15  Marvell's proposed Surreply belatedly seeks to raise issues with the scope of the
16  covenant—issues Marvell did not raise previously—and it does so despite the fact that
17  Wi-LAN has provided the same broad covenant not to sue it provided for the PXA90x
18  family of chipsets. Marvell should not now be heard to complain about the scope of the
19  covenant.

20  Furthermore, Marvell's Motion to File a Surreply should be denied as the Proposed
21  Surreply is futile. Marvell argues that the "broad covenant not to sue" is limited in two
22  respects:  1) the covenant does not include Marvell's affiliated companies; and 2) the
23  covenant excludes future products. Neither perceived limitation is sufficient for the Court to
24  maintain jurisdiction.

25  First, "conceivable claims against 'affiliates' of the plaintiffs . . . are insufficient to
26  generate the required actual cases or controversies that have been extinguished by [the]
27  covenant not to sue the plaintiffs on the claims of the [] patent." *In re Columbia Univ.*
28  *Patent Litig.*, 343 F. Supp. 2d 35, 49 (D. Mass. 2004).

Second, *future* products of unknown, undefined scope cannot be of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Cat Tech., LLC v. Tubemaster, Inc.*, No. 2007-1443, slip op. at 10 (Fed. Cir. May 28, 2008) (citing *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007) (internal citation and quotation marks omitted)). Marvell has the burden of establishing the immediacy and reality of future products sufficient for declaratory judgment jurisdiction; but, Marvell has done nothing more than advance an unsupported allegation of possible future products. As this Court has explained, "'[t]he residual possibility of a future infringement suit based on [] future acts is simply too speculative a basis for jurisdiction over [a] counterclaim for declaratory judgments of invalidity.'" *Sharper Image Corp. v. Honeywell Int'l, Inc.*, Nos. C 02-4860 CW; C 04-0529 CW, 2005 U.S. Dist. LEXIS 32425, at *7 (N.D. Cal. Aug. 31, 2005) (quoting *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995)).

There is no new information justifying Marvell's request for leave to file its proposed Surreply. Wi-LAN, therefore, respectfully requests that the Court deny Marvell's Motion for Leave to File a Surreply.

Wi-LAN also respectfully submits that the record is clear that no case or controversy exists to maintain declaratory judgment jurisdiction, and a hearing to decide this matter is, therefore, unnecessary, especially in view of the covenants that Wi-LAN has provided, not only for the PXA90x family of chipsets being sold at the time the Complaint was filed—which is when jurisdiction must be established by Marvell—but also for the new Tavor family of chip sets.

///
///
///
///
///
///

1 | DATED: June 17, 2008.

Respectfully,

JEFFREY E. FAUCETTE
SIMONA ALESSANDRA AGNOLUCCI
HOWARD RICE NEMEROVSKI CANADY
   FALK & RABKIN
A Professional Corporation

By: _____/s/_____
   SIMONA ALESSANDRA AGNOLUCCI

Attorneys for Defendant WI-LAN, INC.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

OPPOSITION TO MOTION TO FILE SURREPLY     C 07-05626 SI

-3-

# PROOF OF SERVICE

I, Chris Roberts, declare:

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is Three Embarcadero Center, Seventh Floor, San Francisco, California 94111-4024. On June 17, 2008, I served the following document(s) described as **WI-LAN, INC.'S OPPOSITION TO MARVELL SEMICONDUCTOR, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY**:

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☒ by transmitting via email the document(s) listed above to the email address(es) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Linda J. Thayer
FINNEGAN HENDERSON
FARABOW GARRETT &
DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, CA  94304
Fax: (650) 849-6666
Email: linda.thayer@finnegan.com

Roger D. Taylor
FINNEGAN HENDERSON
FARABOW GARRETT &
DUNNER, L.L.P.
303 Peachtree Street, N.E.
Atlanta, GA  30308-3263
Fax: (404) 653-6444
Email: roger.taylor@finnegan.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at San Francisco, California on June 17, 2008.

_____
Chris Roberts